# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0027-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.G.,[1]

     Defendant-Appellant.

_____

Submitted March 11, 2025 – Decided April 30, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-03-0194.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the identities of the children victims of sexual assault or abuse. R. 1:38-3(c)(9), (12).

PER CURIAM

In February 2017, a jury found defendant guilty of the following crimes committed in 2014: first-degree aggravated sexual assault against B.C.; second-degree sexual assault against B.C; third-degree endangering the welfare of a child, B.C; fourth-degree criminal sexual contact against A.E.; third-degree endangering the welfare of a child, A.E.; fourth-degree criminal sexual contact against N.T.; and third-degree endangering the welfare of a child, N.T.[2] Defendant was sentenced to an aggregate prison term of thirty-three years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2; Megan's Law registration, N.J.S.A. 2C:7-2; and lifelong parole supervision, N.J.S.A. 2C:43-6.4.

On direct appeal, we affirmed defendant's convictions and sentence. State v. S.G., No. A-5627-16 (App. Div. Apr. 30, 2020) (slip op. at 3). The Supreme Court granted certification and summarily remanded the matter to us for reconsideration in light of State v. G.E.P., 243 N.J. 362, 388-89 (2020).[3] State

---

[2] The jury found defendant not guilty of second-degree sexual assault against N.T.

[3] In State v. J.L.G., the Supreme Court set forth a new test determining whether Child Sexual Abuse Accommodation Syndrome (CSAAS) expert testimony is admissible. 234 N.J. 265, 272 (2018). In G.E.P., the Court held that J.L.G.

v. S.G., 244 N.J. 452 (2020). On remand, we affirmed defendant's convictions, and the Supreme Court denied defendant's second petition for certification. State v. S.G., No. A-5627-16 (App. Div. May 6, 2021) (slip op. at 8), certif. denied, 248 N.J. 388 (2021).

Before we issued our May 6, 2021 remand ruling, defendant filed a petition for post-conviction relief (PCR). He alleged that trial counsel provided ineffective assistance during the plea-bargaining process by neglecting to provide him a Spanish interpreter to understand the State's plea offer and, thus, he did not knowingly reject the offer.

About nineteen months after the Supreme Court denied defendant's second petition for certification, the PCR judge conducted an evidentiary hearing and denied defendant relief. The judge set forth his reasoning in a seven-page written decision which incorporated his previous five-page written decision explaining why he granted defendant's request for an evidentiary hearing. The judge's denial turned on his assessment of the conflicting evidentiary hearing testimony.

---

should be given pipeline retroactivity. 243 N.J. at 370. Given the admission of CSAAS expert testimony at defendant's trial, the Court directed us to consider whether the evidence prejudiced defendant's right to a fair trial. See S.G., 244 N.J. at 452.

A-0027-23

Defendant stated he arrived in the United States in 2000 and spoke limited English. He asserted trial counsel provided ineffective assistance—in large part—because of the English-Spanish language barrier. He claimed he always requested that counsel provide an interpreter when they discussed his case but counsel "never brought one." Defendant acknowledged that counsel spoke to him about the plea offer but contends "it was misunderstood because I didn't know about the system of offers," and "we spoke about offers, [but] I didn't understand him 100 percent" because counsel was speaking in English. Defendant did not recall that the State's plea offer was detailed during a pre-trial conference despite being presented with the proceeding's transcript showing it was clearly discussed.

Defendant stated that while he thinks the trial judge asked him if he wanted to go to trial, he did not know he was able to ask the judge about the plea offer. Defendant also stated he was unable to ask his counsel in court to explain the plea offer to him, because "there [was] no time."

Trial counsel stated that at the time of the evidentiary hearing he had been practicing criminal law for approximately twenty-nine years. He recounted that while defendant was in the county jail he visited defendant and they reviewed the plea offer and other discovery materials. Counsel also recalled reviewing

4

the transcript of the pretrial conference where defendant was told the maximum time he would face if he was convicted of the charges and the State's plea offer was discussed.

Counsel refuted defendant's contention that he failed to use an interpreter when they met. He said: "Every time I was in [c]ourt and I would work with [defendant], we'd use a [c]ourt interpreter." Counsel recalled that when he met with defendant in the courthouse holding cell, they always used an interpreter. Additionally, when he met with defendant at the county jail, counsel said that about half the time he brought one of his two secretaries, who spoke "very good Spanish" and acted as interpreters. Counsel further remarked: "I didn't bring [a secretary to interpret] after a while because [defendant] spoke over them and we spoke English to be honest." Based on their interaction, counsel related that defendant spoke English "pretty well to very well," so that was how they communicated.

Counsel testified that he spoke to defendant about five to six times about the State's plea offer to fulfill his duty as defendant's attorney. An interpreter was present when they discussed the plea offer. According to counsel, defendant would always say "I am innocent and I don't care what [the State] offer[s] me"

5

and he was agitated when I mentioned the plea offer because he demanded to go to trial.

Counsel acknowledged on cross-examination that he did not communicate the State's plea offer in writing to defendant because they spoke about it many times. Yet, he emphasized that he presented the State's plea offer letter to defendant.

The PCR judge determined "[trial counsel] to be a credible witness and [defendant] to be less than credible." The judge found the court transcript and the transcript and pretrial memorandum belied defendant's assertion that there was no discussion in court about the plea offer. The transcript reveals that defendant: admitted he received all discovery; rejected the plea offer and wanted to go to trial because he was innocent; was satisfied with his counsel's services; and had no questions for counsel or the court.

The judge noted counsel's testimony contradicted defendant's testimony regarding defendant's ability to communicate in English. In particular, the judge highlighted that at the pre-trial conference:

> [Defendant] blurted in English: "The only thing I want to say is—" whereupon [the trial judge] interjected and instructed [defendant] to speak in Spanish. Thereafter, [defendant] flatly proclaimed his innocence: "The only thing I want to say is that I'm innocent."

6

The judge reasoned the outburst establishes that defendant's "persistent mindset and pattern of conduct" is bolstered by counsel's testimony which was more convincing than defendant's "self-serving [evidentiary hearing] testimony as to purported ignorance or misunderstanding, originating, by this court's finding, with his conviction and sentence."

To decide if defendant proved by a preponderance of evidence that he received ineffective assistance of counsel, the PCR judge applied the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, measuring the counsel's competence, ibid., the judge remarked that counsel made consistent efforts to communicate the plea offers to defendant, notwithstanding the risk of agitating him, and was objectively competent. Moreover, the judge reasoned that defendant knowingly, voluntarily, and intelligently rejected the State's plea offer because "he was told what the offer was as explained by counsel and the court, understood the consequences faced by accepting or rejecting the plea, and knowingly determined to reject it." Under the second prong, measuring whether defendant was prejudiced, ibid., the judge found that given defendant's "unwavering insistence of his innocence," there

was no reasonable likelihood that a guilty plea would have been accepted. Consequently, the judge rejected defendant's PCR.

On appeal, defendant argues in a single point:

> DEFENDANT WAS ENTITLED TO POST-CONVICTION RELIEF BECAUSE TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO EFFECTIVELY COMMUNICATE THE TERMS OF A FAVORABLE PLEA OFFER, AND DEFENDANT WOULD NOT HAVE PROCEEDED TO TRIAL BUT FOR THE ERROR OF COUNSEL.

Having considered defendant's arguments in light of the record and applicable legal standards, they lack sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and we affirm substantially for the reasons set forth by the PCR judge in his well-reasoned written decision. We add only the following brief comments.

Because the PCR judge's ruling on the merits is based upon an evidentiary hearing, we must uphold his factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a judge's findings that are "substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (quoting Robinson, 200

N.J. at 15). We thus owe particular deference to the judge's credibility determinations. See State v. Locurto, 157 N.J. 463, 474 (1999).

Considering these guidelines, we see no reason to disturb the PCR judge's finding that counsel fully informed defendant of the State's plea offers and the sentencing consequences of rejecting the plea if found guilty at trial. The judge's credibility findings are supported by the record.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division